**Jose Enrique HUERTA–VILLANUEVA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–74320.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 14, 2010.\*

Filed Jan. 6, 2011.

Jose Enrique Huerta–Villanueva, Santa Barbara, CA, pro se.

Cac–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, Joan Estelle Smiley, Esquire, U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and THOMAS, Circuit Judges.

MEMORANDUM \*\*

Jose Enrique Huerta–Villanueva, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's removal order and denying his motion to remand. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of motions to remand, *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003), and we deny the petition for review.

Huerta–Villanueva has waived any challenge to the agency's determination that he failed to establish eligibility for cancellation of removal. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996).

The BIA did not abuse its discretion in denying Huerta–Villanueva's motion to remand because he failed to present material, previously unavailable evidence of changed circumstances in Mexico, *see* 8 C.F.R. § 1003.2(c), and he failed to estab-

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

lish prima facie eligibility for relief under the Convention Against Torture, *see Azanor v. Ashcroft*, 364 F.3d 1013, 1018 (9th Cir.2004) ("To qualify for reopening under the Torture Convention, an alien must establish a prima facie case that 'it is more likely than not that ... she would be tortured if removed to the proposed country of removal.'").

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.